**SEALED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,       :
                                :
           v.                   :   Criminal No. 06-354
                                :   (Under Seal)
JOHN EDWARD LEEK,               :
           Defendant.           :



FILED
DEC 0 8 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

GOVERNMENT'S MOTION TO SEAL THE CRIMINAL
INFORMATION AND OTHER PLEADINGS, RECORDS,
PROCEEDINGS AND FILES, AND TO DELAY ENTRY ON
THE PUBLIC DOCKET OF THE FILING OF THIS
MOTION TO SEAL AND ALL RELATED MATTERS

The United States of America, by its attorney, Jeffrey A. Taylor, the United States Attorney for the District of Columbia, respectfully submits this motion to seal the criminal Information, as well as all other pleadings, proceedings, records and files in this case, including the instant Motion to Seal, and to delay entry on the public docket of this motion to seal and all related matters. In support of this motion, the government cites the following points and authorities.

The defendant in this case has agreed to enter his plea of guilty pursuant to a plea agreement which calls for his cooperation with the United States in a long-term criminal investigation involving a distribution and possession with intent to distribute heroin in violation of Title 21, United States Code, Section 841(a). That plea agreement contemplates defendant's active cooperation and assuming that the Court agrees with the government's proposal to release defendant on bond to facilitate his contemplated cooperation, defendant and the agents and officers who will supervise his cooperation will be placed at risk if his cooperation becomes known to the targets. Indeed, even if the Court does not agree to defendant's release, defendant would be at risk if his proposed cooperation became known

The sealing is necessary because the future pleadings, including the plea agreement will contain sensitive information, the disclosure of which would not be in the interest of the government, the defendant or the public. Accordingly, it is essential that any information concerning a pending case in this District be kept sealed for the time being.

Based on the nature of the ongoing criminal investigation, the government submits that public disclosure of the Information would likely compromise the criminal investigation by: (1) placing the personal safety of the undercover agents, other law enforcement officials and innocent third parties at substantial risk; (2) alerting the targets to the investigation; and (3) cause the possible targets to destroy documents and other evidence. Each of these factors is particularly important in this instance because violent reprisals are common to major criminal violators in general.

It is common practice for individuals associated with criminal organizations to check the public record in the Criminal Clerk's office to ascertain whether the government has filed any pleadings under seal in cases against former associates. Consequently, public notice of the filing of the sealed pleadings or proceedings, itself, is likely to compromise any ongoing criminal and grand jury investigation that would stem from this case, and present a substantial risk to the personal safety of undercover agents and other law enforcement officials taking part in the covert investigation, and, in some cases, innocent bystanders.

Accordingly, the government submits that these facts present an extraordinary situation and a compelling governmental interest which justify not only the sealing of the criminal Information and all other pleadings, records, proceedings, and files in this case, but also a delay in the public docketing of the filing of these sealed pleadings and the accompanying order until:(1) the substantial risk to the personal safety of cooperating individuals; and (2) the government represents that it can continue its criminal investigation without substantial risk that it would be jeopardized due to the

public docketing of the fact that sealed pleadings have been filed in this case. *See Washington Post v. Robinson*, 935 F.2d 282, 289 (D.C. Cir. 1991). Further, the plea in this matter is the result of negotiations with the defendant in which defendant was represented by Assistant Federal Public Defender David Bos, Esquire, and Mr. Bos advises that his client has no objection to this motion.

**WHEREFORE**, it is respectfully requested that this motion be granted.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

BY: *[signature]*
WILLIAM J. O'MALLEY, JR.
Assistant United States Attorney

*[signature]*
JOHN K. HAN
Assistant United States Attorney

*Certificate of Service*

I HEREBY certify that I have caused a copy of the foregoing government's Motion to Seal and proposed Order to be served by mail, postage prepaid, upon counsel for defendant, John Edward Leek, David Bos, Esquire, Assistant Federal Public Defender, Suite 550, 625 Indiana Avenue, N.W., Washington, D.C., 20004; this 8th day of December, 2006.

*[signature]*
WILLIAM J. O'MALLEY, JR.
Assistant United States Attorney
D.C. Bar No. 166-991
555 Fourth Street, N.W.
Washington, D.C. 20001
(202) 305-1749

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | **Criminal No.** |
| | : | **(Under Seal)** |
| **JOHN EDWARD LEEK,** | : | |
| Defendant. | : | |

# ORDER

Based upon the representations in the government's Motion to Seal the Information and other pleadings, records, proceedings and files and to delay entry on the public docket of the filing of this motion to seal, this Court makes the following:

*Findings of Fact*

The government have netered into a plea agreement which provides that the defendant will cooperate with the United States in the investigation and prosecution of others in a long-term criminal investigation involving law enforcement agents and cooperating individuals. Law enforcement believes the targets of that investigation are unaware of the investigation. The general public is also not aware of this investigation.

The discovery of this investigation and defendant's proposed cooperation would pose a substantial risk to the personal safety of the defendant and law enforcement officials, as well as increase the difficulty of successfully concluding the investigation.

The public docketing at this time of the Information and other pleadings, records, proceedings to delay entry on the public docket of the filing of this motion to seal, as well as the Order granting such motion will likely substantially jeopardize the ongoing criminal

investigation and place the personal safety of parties involved in the covert investigation, as well as innocent bystanders, at substantial risk.

Based on the representations in the government's motion, *Washington Post v. Robinson*, 935 F.2d 282, 289 n. 10 (D.C. Cir. 1991), this Court's findings of facts, this Court finds that there is a compelling governmental interest in sealing the Information, bench warrants, pleadings, records and files in this case and that an extraordinary situation exists which justifies a delay in the public docketing of any notice that the government's motion and this Order have been filed with the Criminal Clerk's office under seal.

Based on the above, it is this _____ day of December, 2006

**ORDERED** that this Order, and the attached government motion to seal the Information and other pleadings, recordings, proceedings, and files and to delay entry on the public docket of the filing of this motion to seal with exhibits shall be filed under seal in the Criminal Clerk's office until further order of this Court.  It is

**FURTHER ORDERED** that the Information, all proceedings and all pleadings, records and files in this case shall be placed under seal by the Criminal Clerk's office until further order of this Court.  It is

**FURTHER ORDERED** that the Criminal Clerk's office shall not make any entry on the public docket in this case of the government's motion to seal and the Order granting such motion, and other pleadings filed under seal in this case until further order of this Court.  It is

**FURTHER ORDERED** that notwithstanding the other provisions of this Order, the government shall be permitted to request a transcript of any plea proceedings that may occur in this case, the Court Reporter shall be permitted to prepare such a transcript and provide it to the


government, and there may be a limited lifting of this sealing order to allow the government to comply with noticing and publishing requirements to effectuate any consent order of forfeiture that may be filed as part of this case.

 

RICARDO M. URBINA, Judge
United States District Court
   for the District of Columbia

Copies to:

William J. O'Malley, Jr.
John K. Han
Assistant United States Attorneys

David Bos, Esquire
Assistant Federal Public Defender
Suite 550
625 Indiana Avenue, N.W.
Washington, D.C.  20004