UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v. : | Criminal No. 06-354-01 (RMU) |
| : | (Under Seal) |
| JOHN EDWARD LEEK, : | |
| Defendant. : | |

JOINT MOTION OF THE PARTIES
TO RELEASE DEFENDANT PENDING SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and defendant John Edward Leek, by and through his attorney, David Bos, Esq., jointly move the Court to release defendant pending sentencing. As grounds for this joint motion, the parties rely on the following points and authorities:

FACTUAL AND PROCEDURAL BACKGROUND

On September 23, 2006, officers of the Metropolitan Police Department executed a search warrant at 1706 Trinidad Avenue, Apt. #2, N.E., Washington, D.C. Inside of that apartment, officers found defendant, a .40 caliber semiautomatic pistol, over 300 small ziplock bags of heroin, a sandwich bag containing 267 grams of heroin, and assorted drug processing and packaging paraphernalia. Defendant admitted that the contraband was his. On September 25, 2006, defendant was charged in United States District Court for unlawful possession with intent to distribute a controlled substance (heroin), in violation of 21 U.S.C. §841(b)(1)(c).

On February 5, 2007, the government and defendant expect to enter into a plea agreement in which defendant pleads guilty to one count of conspiracy to possess with intent to distribute more

than a kilogram of a mixture and substance containing heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(I), and also agrees to cooperate with the government in law enforcement matters.

After much discussion with law enforcement officers, defendant, defense counsel, and the government, the parties believe that defendant can best assist law enforcement if he is released from custody and allowed to work from the community. Accordingly, the parties jointly request that the Court release defendant with certain conditions so that he can cooperate with the government.

## RELEASE PENDING SENTENCING

Pursuant 18 U.S.C. §3143(a), a defendant who has been found guilty shall be held pending sentencing unless the Court finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the community. In making this determination, the Court may consider many factors including those listed in 18 U.S.C. §3142(g) (nature of and circumstances of offense; history and characteristics of the person; nature and seriousness of the danger to any person posed by the release; etc.).

In this case, the parties recognize the significant hurdles in convincing the Court to release defendant pending sentencing. Here, defendant was found with a substantial amount of drugs and drug processing paraphernalia. Defendant was found in possession of a loaded .9mm pistol. Defendant was on parole at the time he committed this offense. Defendant has numerous prior convictions which include: PWID cocaine (1995-FEL-6124); Escape from Institution (1995-FEL-6125); Unlawful Possession of a Pistol (1981-FEL-7498); PWID heroin (1981-FEL-6995); Carrying a Dangerous Weapon and Assault on a Police Office (1993-FEL-2460); Possession of Cocaine

(1991-CMD-2405); Robbery (DC 1963); Petit Larceny (DC 1966); and Bank Robbery (MD 1968).

Despite these adverse factors, the parties submit that there are overriding reasons to allow defendant to cooperate and to release him pending sentencing. The Court can fashion conditions of release that will ensure that defendant will not pose a danger to the community or a risk of flight. By doing so, the parties submit that the Court will be serving the greater public interest.

<u>First</u>, the government has a duty to protect the community from the dangers associated with drugs. Although law enforcement can use a variety of simple techniques to address street-level drug dealing (observation posts, undercover officers, law enforcement "jump outs"), it is significantly more difficult to identify and build cases against those higher on the "criminal food chain." The higher-level drug suppliers and kingpins seek to insulate themselves from prosecution by dealing with only a few known associates with bonafide criminal credentials. By limiting the number of people that they deal with, they are better able to protect themselves from law enforcement infiltration. In other words, if law enforcement wants to bring higher-level drug dealers and kingpins to justice, they must use cooperators who have access to, and the trust of, those targets.

In this case, defendant claims to have access to higher-level drug suppliers through long-term personal relationships. He claims that the higher-level players routinely refuse to deal with people who they have not known for several years. Moreover, defendant believes that no one would suspect that he is cooperating with the government because of his criminal reputation and record. He has never cooperated before despite his many, many previous criminal prosecutions. In this regard, his lengthy criminal record is a tremendous asset in (1) gaining access to higher-level players and (2) casting off suspicion that he is "hot."

It is in the government's best interest to ensure that defendant abide by his conditions of

release so that he can continue to aid in the law enforcement investigation. Thus, the government will monitor and supervise defendant with experienced law enforcement agents to ensure that he is not a danger to the community or a risk of flight. At the Court's direction, this supervision can include weekly, bi-weekly, or even daily contact with defendant.

Second, defendant has a great self-interest in abiding by the conditions of release. Defendant is pleading guilty to an offense that carries a penalty of mandatory life imprisonment (considering defendant's prior convictions). Should defendant violate any condition of release imposed by this Court, or be involved in any new criminal activity, the agreement provides that the government may move ex parte to revoke defendant's release. Facing the real prospect of spending the rest of his natural life in prison, defendant has the highest incentive to cooperate and maintain his conditions of release.

Third, defendant has family members who are willing to provide support for defendant. Defendant has already made arrangements, assuming a favorable decision by the Court, to live with his niece, Carol Stewart, and her two sons. In addition, defendant will be employed as a driver's assistant for Ms. Stewart's transportation company. Because defendant does not have a driver's license, he can not drive the vehicles but he can assist the clients who use this service to go to bingo games.

WHEREFORE, the parties jointly move the Court to release defendant pending sentencing and to impose stringent conditions of release that would allow defendant to cooperate with the government in the investigation and prosecution of others more culpable than himself.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

BY: _____
WILLIAM J. O'MALLEY, JR.
Assistant United States Attorney

_____
JOHN K. HAN
Assistant United States Attorney

_____
DAVID BOS, Esq.
Attorney for Mr. Leek.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| **v.** : | **Criminal No. 06-354-01 (RMU)** |
| : | **(Under Seal)** |
| **JOHN EDWARD LEEK,** : | |
| Defendant. : | |

**ORDER**

Considering the Joint Motion of the Parties to Release Defendant Pending Sentencing, and for good cause shown, the Court finds that defendant John Edward Leek does not pose a danger to the community or a risk of flight. Accordingly, it is:

ORDERED that defendant is released pending sentencing subject the following conditions of release: maintain residence, maintain employment, and weekly telephone contact with law enforcement agents.

_____

JUDGE / DATE

Certificate of Service

_____I hereby certify that copies of the foregoing motion and attached proposed order were mailed, first class mail, postage pre-paid this ___02nd____ day of February 2007 to counsel for the defendant, David Bos, 625 Indiana Avenue, N.W., Suite 550, Washington, D.C. 2004.