SEALED

FILED

FEB 5 – 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | : |
| JOHN EDWARD LEEK, | : |
| Defendant. | : |

**Criminal No. 06-354-01 (RMU)**
**(Under Seal)**

### GOVERNMENT'S PROFFER OF PROOF IN
### SUPPORT OF DEFENDANT'S PLEA OF GUILTY

The United States of America, by its attorney, the United States Attorney for the District of

Columbia, respectfully submits the following Proffer of Proof in Support of a Proposed Plea of

Guilty by the defendant to Count One of an Information in the above-captioned matter.

#### *Elements of the Offense*

The essential elements of the offense of Conspiracy to Distribute and Possess with Intent to

Distribute Heroin more than a kilogram of heroin  in violation of 21 U.S.C. §§ 846 and

841(b)(1)(A)(i), each of which the government must prove beyond a reasonable doubt to sustain a

conviction, are:

(1) that an agreement existed between two or more persons to commit the crimes of

distribution and possession with intent to distribute a controlled substance, that is, heroin;

(2)  that the defendant intentionally joined in that illegal agreement.

The law makes cocaine a controlled substance. *See United States v. Lam Kwong Wah*, 924 F.2d 298,

302-303 (D.C. Cir. 1991); *United States v. Pumphrey*, 831 F.2d 307, 308-309, 265 U.S. App. D.C.

306, 307-308 (D.C. Cir. 1987).  These cases hold that the offense of violating 21 U.S.C. § 846, by

conspiring to violate federal narcotics laws, does not include an element of commission of an overt

act in furtherance of the conspiracy.

Count One of the Information charges that defendant conspired to distribute and possess with intent to distribute more than a kilogram of a mixture and substance containing a detectable amount of heroin. The essential elements of the offense of distribution of a controlled substance are:

(1) That the defendant distributed a controlled substance, that is, heroin. Distribute means to transfer or attempt to transfer to another person. The government need not prove that the defendant received or expected to receive anything of value in return.

(2) That the defendant distributed the controlled substance, that is, heroin, knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently.

The law makes heroin a controlled substance. The essential elements of the offense of possession with intent to distribute heroin are:

(1) That the defendant possessed a controlled substance, that is, heroin;

(2) That the defendant did so knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently.

(3) That when the defendant possessed the controlled substance, that is, heroin, he had the specific intent to distribute it. Distribute means to transfer or attempt to transfer to another person.

The law makes heroin a controlled substance.

Count One of the Information charges that John Edward Leek conspired to distribute and possess with intent to distribute more than a kilogram of a mixture and substance containing a detectable amount of heroin. Thus, in order to make the defendant liable for the sentencing enhancements set out in 21 U.S.C. § 841(b)(1)(A)(i), the United States would be required to prove

2

beyond a reasonable doubt that the defendant conspired to distribute and possess with intent to distribute more than a kilogram of a mixture and substance containing a detectable amount of heroin during the life of the conspiracy, as charged in the Information -- that is, between January 1, 2004, and September 23, 2006. *Apprendi v. New Jersey,* 530 U.S. 466 (2000).

### *Penalties for the Offense*

The penalty for conspiring to commit a narcotics offense, in violation of 21 U.S.C. § 846, is the same as that prescribed for the substantive offense, "the commission of which was the object of the . . . conspiracy." In this case, the penalty is the same as for a violation of 21 U.S.C. § 841(a)(1), as set forth in 21 U.S.C. § 841(b)(1)(A)(i), distribution or possession with intent to distribute heroin. The maximum penalty, therefore, is:

(A) a term of imprisonment which may not be less than 10 years nor more life;

(B) a fine not to exceed $4,000,000;

(C) a term of supervised release of at least 5 years, after any period of incarceration;

(D) a special assessment of $100.

However, the government has also filed a notice pursuant to 21 United States Code, § 851(a), advising the defendant that he has two prior felony narcotics convictions and pursuant to 21 United States Code, § 841(b)(1)(A), the maximum penalty, therefore, is:

(A) a mandatory term of life imprisonment without release;

(B) a fine not to exceed $8,000,000;

(C) a term of supervised release of at least ten years, after any period of incarceration;

(D) a special assessment of $100.

U.S. Sentencing Guideline § 5E1.2 permits the Court to impose an additional fine to pay the costs

of for imprisonment and any term of supervised release and/or probation. The defendant has further been advised that if the United States Probation Office determines he has two or more convictions for a crime of violence or felony drug offense, your client may be subject to the substantially higher guideline penalties provided for in the career offender statutes and provisions of the Sentencing Guidelines. The defendant has also been advised that his admission herein to possession of a firearm during the commission of the offenses which lead to his arrest on September 23, 2006, may result in a two level increase in his offense level.

### *Factual Proffer*

Had this matter gone to trial, the government's evidence would have shown, beyond a reasonable doubt, the following:

1.      The investigation in this matter was conducted by the Metropolitan Police Department (MPD), which utilized several investigative methods, including the services of a special employee (SE) and consensual monitoring of conversations.

2.      The SE advised investigators that it had personal knowledge that illegal drugs were being sold and stored in apartment 2 at 1706 Trinidad Avenue, N.E., Washington, D.C. Utilizing the services of the SE investigators obtained a Superior Court of the District of Columbia search warrant authorizing a search of apartment 2 at 1706 Trinidad Avenue, N.E., Washington, D.C.

3.      On September 23, 2006, at approximately 11:05 a.m., members of the MPD executed that warrant. When entry was gained to the apartment the defendant was encountered in a bedroom. The defendant advised the officers that it was his bedroom. A search of that bedroom resulted in the recovery of three large clear plastic bags containing a total of 316 ziplock bags containing powder or rocklike substance identified as heroin, a tan rock identified as heroin weighing approximately

4

5.0 grams, a sandwich bag containing approximately 250 grams of heroin, numerous items of narcotics packaging and cutting paraphernalia, a Glock .40 caliber semi-automatic pistol loaded with 9 rounds, serial number SK240, $725 dollars in cash and numerous items of identification and mail matter in defendant's name.

4.    Following his arrest and presentment the defendant, with the advice and assistance of his attorney defendant admitted to his history of narcotics activity since 2004. Defendant estimated that in the period since his release on parole he had been engaged in cutting, packaging and distributing heroin in the District of Columbia. Defendant estimated that in that period he was involved with between 3three and five kilograms of a mixture and substance containing a detectable amount of heroin.

5.    Were this matter to go to trial, the government would present competent evidence that all of the drugs seized in this case were transported to laboratories of the Drug Enforcement Administration, where they were subjected to quantitative and qualitative analysis by a qualified forensic chemist. The chemist would have testified that all of the seized materials were controlled substances as described herein.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

BY:    _William J. O'Malley, Jr._
WILLIAM J. O'MALLEY, JR.
Assistant United States Attorney

_John K. Han_
JOHN K. HAN
Assistant United States Attorney

### Defendant's Acceptance

I have read the six (6) pages which constitute the government's Proffer of Proof and have discussed it with my attorney, David Bos, Esquire. I fully understand this proffer and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in my plea agreement.

I am satisfied with the legal services provided by my attorney in connection with this proffer and my plea agreement and matters related to it.

Date: 2/5/07

JOHN EDWARD LEEK
Defendant

### Attorney's Acknowledgment

I have read each of the six (6) pages which constitute the government's Proffer of Proof, reviewed them with my client, and discussed the provisions of the proffer with him, fully. These pages accurately and completely set forth the government's proof as I understand it.

Date: 2/5/07

DAVID BOS, Esquire
Attorney for Mr. Leek

6